IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 11-221-GPM |
| ) | |
| ONE GLOCK MODEL 21 .45 CALIBER ) | |
| PISTOL WITH SERIAL NUMBER ) | |
| AAZ606US AND ASSORTED LOTS OF ) | |
| AMMUNITION, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case is a civil forfeiture action brought by Plaintiff United States of America against a firearm and certain ammunition possessed by Claimant Emmitt G. Cox, the owner and operator of of Centreville Pawn and Jewelry in Centreville, Illinois. According to the averments of an unsworn declaration made under penalty of perjury by Robert M. Nobisch, a senior special agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, that is attached to the complaint in this case, on July 24, 2010, agents of the Illinois State Police conducted a consent search of Cox's pawn shop. In the course of the search, two bags of marijuana were found, together with eleven firearms. A further consent search of Cox's residence disclosed an additional seven firearms. On October 29, 2010, pursuant to a warrant issued by United States Magistrate Judge Donald G. Wilkerson, Nobisch conducted a search of Cox's pawn shop that resulted in the seizure of the following: a Glock Model 21 .45 caliber pistol with serial number AAZ606US; 571 rounds of ammunition of unknown manufacturer; 162 rounds of ammunition of unknown manufacturer;

105 rounds of ammunition of unknown manufacturer; thirteen rounds of Winchester-Western .40 caliber ammunition; fifty rounds of unknown manufacturer 12-gauge ammunition; 111 rounds of Remington .44 caliber ammunition; seven rounds of Remington .45 caliber ammunition; fourteen rounds of Federal .38 caliber ammunition; three rounds of unknown manufacturer .357 caliber ammunition; and sixty-eight rounds of CCI .22 caliber ammunition. The government seeks to forfeit the aforementioned items pursuant to 18 U.S.C. § 924(d), which authorizes forfeiture of property used in a knowing violation of 18 U.S.C. § 922(g). Section 922 provides, in relevant part, that "[i]t shall be unlawful for any person . . . who is an unlawful user of or addicted to any controlled substance . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(3). Currently, this matter is before the Court on the government's motion for summary judgment (Doc. 18). Having considered the matter carefully, the Court rules as follows.

  As an initial matter, the Court notes the familiar standard under which it must evaluate a motion for summary judgment. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, generally at any time until thirty days after the close of discovery in a case, "[a] party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought." Fed. R. Civ. P. 56(a). The rule provides further that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." *Id*. Under Rule 56, "[a] party asserting that a fact cannot be . . . genuinely disputed must support the assertion by . . . citing to

particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the . . . presence of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1)(A)-(B). The rule provides also that "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). With respect to affidavits and declarations, the rule provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The non-moving party may not resist summary judgment simply by resting upon the allegations contained in the pleadings, and instead a genuine issue of material fact exists only if a fair-minded jury could return a verdict for the non-moving party on the evidence presented. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000); *LINC Fin. Corp. v. Onwuteaka*, 129 F.3d 917, 920 (7th Cir. 1997). In considering a summary judgment motion, a court must draw all reasonable inferences in the light most favorable to the non-moving party. *See Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010); *Beck v. University of Wis. Bd. of Regents*, 75 F.3d 1130, 1134 (7th Cir. 1996). On summary judgment a court may not make credibility determinations or weigh the evidence, because these are tasks for a factfinder. *See Morfin v. City of E. Chicago*, 349 F.3d 989, 999 (7th Cir. 2003). In evaluating a motion for summary judgment, "the court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 604 F.3d 490, 507 (7th Cir. 2010) (quoting *Waldridge v. American Hoechst Corp*., 24 F.3d 918, 920 (7th Cir. 1994)). With this standard in mind, the Court turns to the government's summary judgment motion.

According to the record of this case, on June 24, 2011, the government served the following requests for admissions on Cox:

> 1. That on July 24, 2010, Claimant [Cox] was interviewed by officers of the Illinois State Police.
> 2. That on said date, the premises of Centreville Pawn and Jewelry, 4301 D Bond, Centreville, Illinois were searched by the Illinois State Police.
> 3. That on July 24, 2010, Centreville Pawn and Jewelry was owned and operated by Claimant.
> 4. That during the search of the premises, officers located two plastic bags containing marihuana.
> 5. That Claimant informed the officers that the two bags of marihuana were his.
> 6. That the foregoing assertion by Claimant was true.
> 7. That Claimant informed the officers that he has been a user of marihuana for the past thirty years.
> 8. That the foregoing assertion by Claimant was true.
> 9. That prior to their seizure on July 24, 2010, Claimant possessed each and every one of the following items seized from the premises of Centreville Pawn and Jewelry:
>     a. One Glock Model 21 .45 caliber pistol with serial number AAZ606US;
>     b. 571 rounds of ammunition of unknown manufacturer;
>     c. 162 rounds of ammunition of unknown manufacturer;
>     d. 105 rounds of ammunition of unknown manufacturer;
>     e. 13 rounds of Winchester-Western .40 caliber ammunition;
>     f. 50 rounds of unknown manufacturer 12 gauge ammunition;
>     g. 111 rounds of Remington .44 caliber ammunition;
>     h. 7 rounds of Remington .45 caliber ammunition;
>     i. 14 rounds of Federal .38 caliber ammunition;
>     j. 3 rounds of unknown manufacturer .357 caliber ammunition; and
>     k. 68 rounds of CCI .22 caliber ammunition.
> 10. That the Glock Model 21 .45 caliber pistol with serial number AAZ606US either affected interstate commerce or was transported in interstate or foreign commerce.
> 11. That the 571 rounds of ammunition of unknown manufacturer either affected interstate commerce or was transported in interstate or foreign commerce.
> 12. That the 162 rounds of ammunition of unknown manufacturer either affected interstate commerce or was transported in interstate or foreign commerce.
> 13. That the 105 rounds of ammunition of unknown manufacturer either affected interstate commerce or was transported in interstate or foreign commerce.
> 14. That the 13 rounds of Winchester-Western .40 caliber ammunition either affected interstate commerce or was transported in interstate or foreign commerce.
> 15. That the 50 rounds of unknown manufacturer 12 gauge ammunition either affected interstate commerce or was transported in interstate or foreign commerce.

> 16. That the 111 rounds of Remington .44 caliber ammunition either affected interstate commerce or was transported in interstate or foreign commerce.
> 17. That the 7 rounds of Remington .45 caliber ammunition either affected interstate commerce or was transported in interstate or foreign commerce.
> 18. That the 14 rounds of Federal .38 caliber ammunition either affected interstate commerce or was transported in interstate or foreign commerce.
> 19. That the 3 rounds of unknown manufacturer .357 caliber ammunition either affected interstate commerce or was transported in interstate or foreign commerce.
> 20. That the 68 rounds of CCI .22 caliber ammunition either affected interstate commerce or was transported in interstate or foreign commerce.

Doc. 12 at 1-3 ¶¶ 1-20. To date, Cox has never made any response to the foregoing requests for admissions.

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) [of the Federal Rules of Civil Procedure] relating to . . . facts, the application of law to fact, or opinions about either[.]" Fed. R. Civ. P. 36(a)(1)(A). Rule 36 provides further, in pertinent part, that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Because Cox did not answer the government's requests for admissions, the matters therein are deemed admitted and are "conclusively established." Fed. R. Civ. P. 36(b). Under Rule 36, default admissions may serve as the factual foundation for summary judgment. *See McCann v. Mangialardi*, 337 F.3d 782, 788 (7th Cir. 2003) (an admission, including a default admission, must be treated as conclusively established on summary judgment, and it is error for a district judge not to give an admission such effect); *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1059 (7th Cir. 2000) (affirming summary judgment for a defendant where the plaintiff failed

to respond to requests for admissions and only belatedly asked to withdraw the admissions); *Cooper v. Carl A. Nelson & Co.*, 211 F.3d 1008, 1014 (7th Cir. 2000) (citing *Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995)) ("A judicial admission trumps evidence."); *Murrey v. United States*, 73 F.3d 1448, 1455 (7th Cir. 1996) (when a request for admissions admits liability, a defendant cannot subsequently deny liability on the basis of evidence that the admission was mistaken); *Smith v. Cosby*, No. 403CV0105DFHVSS, 2004 WL 2272197, at *2 (S.D. Ind. Sept. 7, 2004) ("The Seventh Circuit has often affirmed summary judgments resulting from requests for admission, including failures to serve timely responses to requests for admissions."). "The failure to respond to admissions can effectively deprive a party of the opportunity to contest the merits of a case. This result, however, is necessary to insure the orderly disposition of cases; parties to a lawsuit must comply with the rules of procedure." *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987). By failing to respond to the government's requests for admissions, Cox has admitted that: he is a marijuana user; he possessed the firearm and ammunition sought to be forfeited; the firearm and ammunition each either affected interstate commerce or were transported in interstate or foreign commerce; the firearm and ammunition are subject to forfeiture; and he has no valid defense to the forfeiture of the firearm and ammunition. There being no genuine issue of material fact in dispute in this case, the government's motion for summary judgment will be granted.

To conclude, the government's motion for summary judgment (Doc. 18) is **GRANTED**. Accordingly, the Defendant property, more further described as:

a. **One Glock Model 21 .45 caliber pistol with serial number AAZ606US;**
b. **571 rounds of ammunition of unknown manufacturer;**
c. **162 rounds of ammunition of unknown manufacturer;**

       d.       105 rounds of ammunition of unknown manufacturer;
       e.       13 rounds of Winchester-Western .40 caliber ammunition;
       f.       50 rounds of unknown manufacturer 12 gauge ammunition;
       g.       111 rounds of Remington .44 caliber ammunition;
       h.       7 rounds of Remington .45 caliber ammunition;
       i.       14 rounds of Federal .38 caliber ammunition;
       j.       3 rounds of unknown manufacturer .357 caliber ammunition; and
       k.       68 rounds of CCI .22 caliber ammunition

and the interest of Claimant Emmitt G. Cox in said property are hereby **ORDERED** to be **FORFEITED** to the United States of America pursuant to 18 U.S.C. § 924(d) by reason of a knowing violation of 18 U.S.C. § 922(g)(3), and no right, title, or interest in the property shall exist in any other party. The Defendant property shall be disposed of according to law by the Bureau of Alcohol, Tobacco, Firearms and Explosives. The Clerk of Court shall enter judgment in accordance with this Order.

    **IT IS SO ORDERED.**

    DATED: December 23, 2011

                                            /s/ G. Patrick Murphy
                                            G. PATRICK MURPHY
                                            United States District Judge